# EXHIBIT B

## Artists' Demand Letter Dated September 10, 2024



Polina Ivko
Direct Dial: (332) 203-3347
Email: *polina@adwarivko.com*

**VIA EMAIL AND FEDEX**

Cadence Comic Art
Attn: Paolo Belfiore
6930 59th Rd
Maspeth, NY 11378-2920
*cadencecomicart@gmail.com*

September 10, 2024

**PRIVILEGED AND CONFIDENTIAL FOR SETTLEMENT PURPOSES ONLY**

**Re: Demand Letter – Unpaid Amounts and Unreturned Artworks Owed to Artists Previously Represented by Cadence Comic Art and/or Paolo Belfiore**

Dear Mr. Belfiore:

Our firm represents Becky Cloonan, Jill Thompson, David Marquez, Wesley Craig, Paolo Villanelli, Leila leiz, Alessandro Cappuccio, Danai Christina Kilaidoni, Elena Casagrande, Valerio Schiti, Mahmud Anjum Asrar, Joelle Jones, Yildiray Cinar, Rafael Albuquerque, Tyler Crook, Jenny Frison, Pia Guerra, and Joelle Jones (collectively "Artists") in connection with your breach of contract and fiduciary obligations, violations of various provisions of New York's Art and Cultural Affairs Law, fraudulent misrepresentation, unjust enrichment, conversion, and deceptive business practices in violation of New York's General Business Law, that each of the Artists has suffered. These issues pertain to your representation of the Artists in the art market, including, but not limited to the handling of art sales, commissions, and public appearances, whilst operating under the auspices of Cadence Comic Art ("Cadence"). If you are represented by legal counsel, please forward this letter to them promptly, as this matter is time sensitive.

Based on our review of the matter, we believe that the Artists' legal claims are meritorious. While the Artists have authorized our firm to file a complaint on their behalf, before doing so, we wanted to provide you with an opportunity to resolve this dispute amicably. In order to facilitate such a discussion, this letter briefly summarizes the facts that support the Artists claims so that you have a complete understanding of the liability that you will face if the Artists are forced to file a complaint.

**New York City:** 225 W 34th St, Fl 9, New York, New York, 10122 | Tel: +1(332)203-2111
**Rockland County:** 2 Executive Blvd Ste 410, Suffern, New York 10901 | Tel +1 (845) 353-1818

**www.adwarivko.com**

Mr. Paolo Belfiore
September 10, 2024

**ADWAR IVKO**

This letter also summarizes your obligations with respect to preserving evidence related to your representation of the Artists and the claims that they will pursue should this matter lead to litigation.

Each Artist is an internationally acclaimed comic artist whom you have represented for many years, some of our clients engaging you as early as 2008. Recently, the Artists discovered, to their shock and dismay, that not only have you misappropriated thousands of dollars from each of them but also failed to return artworks to some of the Artists upon their termination of your representation and multiple requests for return. You have brazenly disregarded your **statutory and fiduciary obligations** to the Artists by, among other things: (i) failing to pay the Artists for various sales and commissions of art, as well as public appearance fees; (ii) failing to furnish regular and accurate account statements; (iii) commingling the Artists' trust funds with your own accounts; and (iv) breaching your fiduciary duty to hold the Artists' works and the sale proceeds thereof as trust property for their benefit. Even more damning, you have ignored the Artists' pleas to pay the outstanding amounts and, in some cases, return unsold pieces.

We will not go into the particulars of all the facts pertaining to each of the eighteen Artists' claims, of which we are sure you are aware. Rest assured that we have conducted extensive due diligence with respect to these claims and have collected all the necessary evidence, including, but not limited to, signed contracts, written communications (whether by email, text messengers, social media or other means or mediums) with you and other relevant parties (including statements from your former associate Andrew Christman), income and inventory records, and personal statements from the Artists, among other things. Below we briefly break down your violations in more detail:

**1.     Violation of New York's Arts and Cultural Affairs Law.** As the creator of the artworks consigned to you, each Artist is an "Artist" and each of the consigned artworks is a work of "Fine art" under New York's art consignment statute law. N.Y. Arts & Cult. Aff. Law § 11.01. You are in the business of dealing in works of fine art, by your occupation and as the owner and operator of Cadence. Accordingly, you are an "Art merchant" for the purposes of New York's art consignment statute. N.Y. Arts & Cult. Aff. Law § 11.01(2). The statute provides that if an art merchant fails to treat consigned artworks and any sale proceeds "in accordance with the requirements of fiduciaries in section 11-1.6 of the estates, powers and trusts law, such failure shall constitute a violation of this article and of section 11-1.6 of the estates, powers and trusts law." *Id.* § 12.01(2). By converting the unsold artworks and sale proceeds owed to the Artists, you have unlawfully commingled the Artists' trust property and trust funds with your own. Moreover, by the misconduct detailed in written communications between the Artists and Mr. Christman at various times leading up to his termination of employment with you, you breached your fiduciary duties, damaging the Artists. The Artists thus can easily establish a cause of action to enjoin your conduct and recover damages, fees, costs and expenses. N.Y. Arts & Cult. Aff. Law § 12.01(c)(3).

Mr. Paolo Belfiore
September 10, 2024

**ADWAR IVKO**

  **2.**  **Breach of Fiduciary Duties.** The elements of claims for breach of fiduciary duty are: "[1] the existence of a fiduciary relationship, [2] misconduct by the defendant, and [3] damages that were directly caused by the defendant's misconduct." *Kurtzman v. Bergstol*, 40 A.D.3d 588, 590 (2d Dep't 2007) (citation omitted). You are the Artists' fiduciary under New York law. *Khaldei v. Kaspiev*, 135 F. Supp. 3d 70, 84 (S.D.N.Y. 2015) (art merchant had fiduciary duties to consignor); *Lazarevic v. Sindin Galleries, Inc.*, N.Y.L.J., Oct. 27, 1997, at 29 (N.Y. Sup. Ct.) (same). Upon information and belief and by the misconduct detailed in your own written admissions (via various mediums) and the statements from Mr. Christman, you breached your duty of loyalty; your duty to act in accordance with you agreements; your duty of care, competence, and diligence; your duty to act only within the scope of actual authority; your duty to comply with lawful instructions; your duty to refrain from conduct that was likely to damage the Artists' enterprise; your duty to provide information; and your duties of segregation and accounting. Thus, the Artists can also easily establish a claim for breach of fiduciary duties and for forfeiture of compensation under the faithless servant doctrine against you. *Khaldei*, 135 F. Supp. 3d at 83-86.

  **3.**  **Conversion.** The elements of a claim for conversion are: "(1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights." *Pappas v. Tzolis*, 20 N.Y.3d 228, 234 (2012) (citation omitted). The latter element is satisfied by the "denial of access to the rightful owner or assertion to the owner of a claim on the goods … by the defendant." *State v. Seventh Regiment Fund, Inc.*, 98 N.Y.2d 249, 260 (2002). "Whenever an artist. . . causes to be delivered a work of fine art … of such artist's . . . own creation to an art merchant for the purpose of exhibition and/or sale . . . such work is trust property in the hands of the consignee for the benefit of the consignor [and] any proceeds from the sale of such work are trust funds in the hands of the consignee for the benefit of the consignor." N.Y. Arts & Cult. Aff. Law § 12.01(l)(a). "[S]uch trust property and trust funds shall be considered property held in statutory trust, and no such trust property or trust funds shall become the property of the consignee." *Id.* § 12.01 (l)(a)(v).

  As noted above, you have yet to account and/or return certain unsold artworks to at least some of the Artists, who remain the owners of these artworks, which they created and delivered to you, a professional art dealer, for purposes of exhibition and sale on a consignment basis. As the consignors of the unsold artworks, the Artists have "both title and right to possession superior to that of [the] consignee" as to the unsold artworks and the sale proceeds for the artworks that have sold and the public appearances that have been completed. *Naber v. Steinitz*, No. 21918/91, 1991 WL 11764578 (N.Y. Sup. Ct. Dec. 23, 1991). Certain Artists also hold possessory rights pursuant to their agreement with you. Nonetheless, you have refused the Artists demands for, and asserted ownership of, both the same proceeds and the unsold artworks. Thus, the Artists can clearly establish their claim for

Mr. Paolo Belfiore
September 10, 2024

**ADWAR IVKO**

conversion of the sale proceeds and the unsold artworks. *Lazarevic v. Sindin Galleries, Inc.*, N.Y.L.J., Oct. 27, 1997, at 29 (N.Y. Sup. Ct.).

    **4.**    **Unjust Enrichment.** The elements for a claim of unjust enrichment are: "(1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." *GFRE, Inc. v. U.S. Bank, N.A.*, 130 A.D.3d 569, 570 (2d Dep't 2015) (citation omitted). As discussed above, you have retained thousands of dollars in unremitted sale proceeds and certain unsold artworks. These being trust property and trust funds held by you for the benefit of the Artists, N. Y. Arts & Cult. Aff. Law § 12.01(l)(a), equity and good conscience demand the return of all sale proceeds and the unsold artworks to the Artists. *See Lazarevic*, N.Y.L.J., Oct. 27, 1997, at 29.

    **5.**    **Breach of Contract and the Implied Covenant of Good Faith and Fair Dealing.** The elements are: "(1) formation of a contract between plaintiff and defendant, (2) performance by plaintiff, (3) defendant's failure to perform, (4) resulting damage." *U.S. Nonwovens Corp. v. PackLine Corp.*, 48 Misc. 3d 211, 215 (N.Y. Sup. Ct. 2015) (citation omitted). A contract may be formed by express agreement or may be implied in fact by the parties' course of dealing. *See Jemzura v. Jemzura*, 36 N.Y.2d 496, 503-04 (1975) ("A contract implied in fact… is just as binding as an express contract . . . ."). You contracted with some of the Artists by written agreement and with other Artists by unmistakable implication through the parties' consistent course of dealing and written communications. As described throughout this letter, you have breached your agreements and damaged the Artists, *inter alia*, by withholding the sale proceeds and wrongfully retaining the unsold artworks.

    **6.**    **Accounting.** The elements of a claim for an accounting are: (1) "the existence of a fiduciary or trust relationship respecting the subject matter of the controversy," and (2) "the agent ha[ving] breached his duty as a fiduciary." *Stevens v. St. Joseph's Hosp.*, 52 A.D.2d 722, 722-23 (4th Dep't 1976). As opined throughout this letter, you had a fiduciary duty to keep regular and accurate accounting and inventory on behalf of the Artists with respect to the artworks and public appearances subject to your representation. You must immediately supply a sworn accounting identifying the location of each unsold artwork, and for each consigned artwork (whether commissioned or not), "the date of sale, the consideration agreed upon and actually received, the name and address of the purchaser of the work, any discounts offered and the reason for the discount." *Scher v. Stendhal Gallery, Inc.*, No. 650598/10, slip op. at 14 (N.Y. Sup. Ct. Sept. 15, 2011).

    **7.**    **You Are Personally Liable.** While you may wish to assert that you were operating under the umbrella of Cadence, veil-piercing is proper where: "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was

Mr. Paolo Belfiore
September 10, 2024

**ADWAR IVKO**

used to commit a fraud or wrong against the plaintiff which resulted in plaintiffs injury." *EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508, 512 (S.D.N.Y. 2005) (citation omitted). You exercised complete domination of Cadence by wrongfully refusing to remit the sale proceeds and to return the unsold works to the Artists,[1] as well as ordering the associates of Cadence to do the same. This clearly indicated that you have abused the corporate veil to perpetrate wrongdoing against both the Artists and the public at large. It is also worth noting that, upon information and belief, Cadence has been rendered inactive by the New York State, Division of Corporations as early as 2020, further proving that you are personally liable for all wrongdoings contemplated under this letter as you were operating well after 2020.

In light of the above, we demand that you immediately do the following:

- Cease and desist selling, renting, or exhibiting the artworks, which belong to the Artists, but which are still under your custody and control;
- Cease and desist holding yourself out as the agent of any of the Artists;
- Provide a sworn accounting identifying each unsold artwork and for each consigned artwork (whether commissioned or not), the date of sale, the consideration agreed upon and actually received, the name and address of the purchaser of the work, any discounts offered and the reason for the discount;
- Arrange for payment of all the unpaid sales proceeds to the Artists;
- Return all the unsold artworks to the Artists;

Please respond by September 24, 2024, acknowledging your acceptance of the above demands and setting forth a plan for carrying them out within one (1) month of the date of this letter. If you necessitate a payment plan or reasonable extensions with respect to the same, please propose a reasonable payment plan or extension of time aiming to make the Artists whole as soon as possible. I can be reached by email or phone; the details are set forth in the letterhead on page one of this letter.

Kindly note that if you shall object to any of these claims, our clients may have no choice but to proceed with filing an action against you in court, seeking damages for the claims stated above and additional applicable causes of action. Namely, the Artists intend on also seeking forfeiture of all

---

[1] Upon information and belief, many other artists not represented by us have been aggrieved by you in substantially similar manner during the same time periods.

Mr. Paolo Belfiore
September 10, 2024

**ADWAR IVKO**

compensation received by you in relation to all consigned artworks.[2] Furthermore, the Artists will also be likely entitled to compensatory and consequential damages, punitive damages, attorney's fees, costs, expenses, and interest, as well as an injunction. Although our clients are reasonable and would prefer to resolve this dispute amicably, they fully intend to pursue all available legal remedies if necessary.

This letter also serves as a formal notice by our clients to retain and preserve all records, including handwritten and typed documents and electronically stored information, in your or Cadence's possession, custody, or control which may be relevant to the matter discussed in this letter (individually and collectively, the "Relevant Information"). This obligation includes immediately suspending any deletion, overwriting, or other possible destruction or alteration of the Relevant Information. Failure to abide by this request may result in sanctions and fines against you and Cadence.

This letter is not intended to be a complete statement of the facts or law applicable to this matter and is written without prejudice to the legal or equitable rights and/or remedies of our clients, all of which are hereby expressly reserved.

We expect to hear from you by the deadline set forth above. In the event that you do not contact us, we will have no choice but to proceed accordingly.

Cordially,

*Polina Ivko*

Polina Ivko
Partner

Cc: *PaoloArturoBelfiore@hotmail.com*, *swcheppes@aol.com*, and *Erinbelfiore@live.com*.

---

[2] "Where, as here, a Defendant has engaged in multiple acts of disloyalty over a significant period of time . . . and which 'persisted boldly through an opportunity to correct' that disloyalty, forfeiture of any compensation owed during that time is clearly warranted." *Khaldei*, 135 F. Supp. 3d at 85-86.