

Polina Ivko
Direct Dial: (332) 203-3347
Email: *polina@adwarivko.com*

Via ECF

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street Courtroom 20B
New York, NY 10007

November 7, 2025

  **Re:** ***Becky Cloonan, David Marquez, Wesley Craig, et al. v. Cadence Comic Art, Inc. and Paolo Belfiore***, **Case No. 1:25-cv-6513-JLR**

Dear Judge Rochon:

Pursuant to the Court's August 12, 2025, Notice of Initial Pretrial Conference, Plaintiffs respectfully submit this joint letter in compliance with the Court's directives. Plaintiffs' counsel has communicated via email with Paolo Belfiore, the proprietor of Defendant Cadence Comic Art, Inc., who is also named as an individual Defendant in this matter. Mr. Belfiore has not raised any objections to the substance of this letter. For the Court's reference, the relevant email correspondence is attached as Exhibit A and incorporated herein.

**Nature of the Action**

This action arises from allegations that Defendants Cadence Comic Art, Inc. ("Gallery") and its principal, Paolo Belfiore ("Dealer"), systematically deceived and defrauded a group of 17 internationally recognized comic book artists ("Artists") out of substantial sums of money. Artists, who entrusted Defendants with the consignment, sale, and management of their original artworks, allege that Defendants flagrantly violated their fiduciary and statutory obligations under New York's Arts and Cultural Affairs Law ("ACAL"). The alleged misconduct includes misappropriation of sales proceeds, unreported sales, improper deductions, failure to provide accurate accountings, commingling of trust funds, neglect in safeguarding consigned artworks, and refusal to return unsold works and inventory records. Artists seek compensatory and punitive damages, injunctive relief, a full accounting, and such other remedies as the Court deems just and proper.

In the Artists' view, the major legal issues involve their statutory rights under New York law, their right to immediate recovery of unsold consigned artworks and unpaid sales proceeds, Defendants' obligation to render a full and accurate accounting and inventory, Defendants' breach of conditions

ADWAR IVKO

precedent to the earning of commissions, and the scope of Plaintiffs' entitlement to compensatory, punitive, and exemplary damages, including attorneys' fees and costs.

In the Artists' view, the major factual issues involve the number of artworks sold or transferred without their knowledge or consent and the total amount of sales proceeds, Defendants' continued possession and refusal to return unsold artworks, the commingling and misuse of trust funds and improper deductions, the failure to provide accurate and timely accountings or inventory records, as well as the loss, damage, or theft of artworks under Defendants' control. Additionally, the Gallery's failure to appear or respond and Mr. Belfiore's failure to "fairly respond to the substance" of the Artists' allegations as required by Federal Rule of Civil Procedure 8(b) likely supports adverse inferences and potential default judgment and/or judgement on the pleadings against.

In the Artists' view, the claims asserted herein are properly before this Court under New York law, as the transactions, consignment relationships, and alleged misconduct occurred within this jurisdiction, and the statutory duties at issue arise directly under New York's statute governing artist-art merchant relationships. The relief sought is therefore uniquely within the scope of this Court's authority to adjudicate.

**Principal Defenses**

Only one of the Defendants responded to the Complaint. Namely, Paolo Belfiore, who has not asserted any defenses, instead providing only blanket denials and assertions of lack of knowledge. Cadence Comic Art, Inc. has failed to appear or respond in this action.

**Jurisdiction**

This court has jurisdiction pursuant to 28 U.S.C. § 1332. Mr. Belfiore is a resident of New York. The other Defendant, Cadence Comic Art, Inc., is a corporation organized and operating under the laws of New York, with its principal place of business in Maspeth, New York. Plaintiffs are individuals residing in various states throughout the United States and overseas. There is complete diversity of all Plaintiffs and Defendants in this case, and the amount in controversy exceeds $75,000.

Venue is proper in this district under 28 U.S.C. § 1391(b)(1)-(2). One of the Defendants resides in New York, the other Defendant is incorporated in and transacts business in this District, and certain of the acts underlying this action occurred in this District.

**Existing Deadlines**

There is currently an Initial Pre-Trial Conference scheduled for 10:30 am on November 18, 2025. Defendant's deadline to file an Answer to the Complaint is past due. On September 8, 2025, Defendant Paolo Belfiore sent a letter to the court requesting a 30-day extension to the September 9, 2025 deadline, which would push the Defendants' deadline to respond to October 8, 2025. No other deadlines exist at present. Discovery has not yet commenced.

ADWAR IVKO

**Outstanding Motions**

There are currently no outstanding Motions. However, the Plaintiffs intend to file a Motion for a Judgement on the Pleadings against Mr. Belfiore, request entry of default against the Gallery, and seek injunctive relief compelling turnover of unsold artworks.

**Discovery**

Discovery has not yet commenced. Plaintiffs believe discovery prior to a meaningful settlement discussion with the Defendants. It is necessary for the Plaintiffs to analyze the Defendants' banking, sales, and inventory records to enter any alternative dispute resolution process fully informed.

**Prior Settlement Discussions**

Plaintiffs have attempted to engage in settlement discussions with Defendants on two separate occasions prior to commencement of this action, dated September 10, 2024, and November 8, 2025. Despite proof of physical delivery by certified mail and proof that Defendants opened the emailed letters, Defendants have ignored these attempts at negotiating, effectively denying Plaintiffs' proposals. Additionally, Plaintiffs' counsel has inquired about a settlement with the Defendants via email on September 2, 2025, after the action had already been commenced. This was declined by Mr. Belfiore.

**Alternative Dispute Resolution**

As noted above, Defendants have ignored Plaintiffs' attempts to resolve this dispute outside of Court. Therefore, the parties have not engaged in substantive settlement negotiations yet.

In Plaintiffs' view, the matter would not currently benefit from a formal alternative resolution session as it is unclear whether the Defendants are in the financial position to bear the costs thereof. Furthermore, the Plaintiffs would not be informed on the same level as the Defendants, who hold the accounting and inventory records relevant to this action.

**Additional Information**

None at this time.

Respectfully submitted,

/s/Polina Ivko

Cc: Defendants (via ECF, email and Certified Mail)

3