Docusign Envelope ID: 240CCEEC-12D6-4CC6-B95C-6B3AD7DE507E

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and General Release (the "**Agreement**") is made and entered into by and among Becky Cloonan, David Marquez, Wesley Craig, Paolo Villanelli, Leila Leiz, Alessandro Cappuccio, Danai Christina Kilaidoni, Elena Casagrande, Valerio Schiti, Mahmud Anjum Asrar, Joelle Jones, Yildiray Cinar, Rafael Albuquerque, Tyler Crook, Jenny Frison, Pia Guerra, and Jill Thompson (collectively "**Plaintiffs**"), on the one hand, and Cadence Comic Art Inc., and its principal owner and operator Paolo Belfiore (collectively "**Defendants**") on the other hand. In this Agreement, Plaintiffs and Defendants are referred to collectively as the "Parties," or each is referred to individually as a "Party."

## RECITALS

**WHEREAS**, Plaintiffs are visual artists who allege that since approximately 2008, they individually consigned and delivered hundreds of artworks (including but not limited to photographs, videos, slides, transparencies, catalogues, and other materials related to the artworks) (collectively the "**Artworks**") to Defendants in order to sell and/or monetize the Artworks;

**WHEREAS**, Plaintiffs never received due compensation for the sale(s) of the Artworks, nor did they receive return of the consigned and unsold Artworks;

**WHEREAS**, Defendants sold some Artworks, but claim to have neither records of the sales nor location of any unsold Artworks;

**WHEREAS**, following unsuccessful negotiations, Plaintiffs filed litigation in the United States District Court for the Southern District of New York, Index No. 1:25-cv-06513 (the "**Litigation**") alleging violation of Section 12.01 of the NY Arts and Cultural Affairs Law, recovery of chattel, declaratory judgment, breach of fiduciary duty, and conversion;

**WHEREAS**, the Parties each desire to finalize settlement and to amicably resolve the Litigation and all matters among them and the Parties' affiliates, successors, assigns, officers, directors, agents, including all claims that were asserted or could have been asserted against Defendants; and

**WHEREAS,** each Party understands and agrees that this Agreement is a compromise and settlement of all matters and that this Agreement should not be construed as an admission of liability by any Party.

**NOW, THEREFORE**, for good and valuable consideration, the receipt, adequacy and sufficiency of which is hereby acknowledged, and intending to be legally bound, with the intent and purpose of satisfying and settling all claims between the Parties, the Parties agree as follows:

1.      Settlement.

(a) In consideration for the resolution of Litigation between the Parties, as well as the releases, conditions, and representations contained in this Agreement, Defendants agree to provide the sum of Five Hundred Fifty Thousand U.S. Dollars ($550,000.00) (the "**Settlement Consideration**") as full and final settlement of the Released Claims (as that term is defined in

Paragraph 4 below). Full payment of the Settlement Consideration detailed herein shall constitute the final amount of any financial compensation from Defendants. Plaintiffs acknowledge that the payment may be made by Defendants or by another entity or affiliate on its behalf. Payment of the Settlement Consideration shall be in equal monthly payments of Three Hundred and Fifty U.S. Dollars ($350.00) due on the first of each calendar month, in perpetuity, until the entire Settlement Consideration is paid in full (each an "***Installment Payment***").[1] Larger payments may be made, and any amount shall be credited accordingly. The first Installment Payment shall be due on the first of the month following the Effective Date (as that term is defined in Paragraph 17 below). As a material condition precedent to the effectiveness, enforceability, and performance of this Agreement, Defendants shall execute a Confession of Judgment, and the Court presiding over the Litigation shall approve, sign, and enter such Confession of Judgment in favor of Plaintiffs. Defendants expressly assume all risk associated with the Court's review, approval, or entry of the Confession of Judgment. In the event the Court declines, fails, or is otherwise unable to approve, sign, or enter the Confession of Judgment for any reason whatsoever, this Agreement shall be deemed null and void ab initio, shall have no force or effect, and no Party shall have any rights, obligations, or liabilities hereunder. Notwithstanding the foregoing, in the event the Court declines or fails to approve, sign, or enter the Confession of Judgment solely for procedural, ministerial, technical, or policy-based reasons, and not due to any finding regarding the validity, enforceability, fairness, or substance of this Agreement or the underlying obligation, the Parties agree that, upon application by Plaintiffs, the Court may instead enter a stipulated judgment in favor of Plaintiffs and against Defendants in the amount of the then-outstanding Settlement Consideration, together with any accrued interest and attorneys' fees, without the need for further litigation. Settlement payments shall be made via wire transfer pursuant to instructions provided by Plaintiffs or Plaintiffs' counsel. The Settlement Consideration is exclusive of any alleged monetary damages, attorneys' fees, or costs.

(b) Assuming timely payment of the Settlement Consideration and all Installment Payments, there shall be no interest chargeable to Defendants. Should any Installment Payment fail to be made, interest on the outstanding amount of the Settlement Consideration shall accrue at the rate of nine percent (9%) per annum, calculated retroactively from January 1, 2024, through the date such outstanding amount is paid in full.

(c) Other than the Settlement Consideration and Confession of Judgement, and assuming timely payment of all Installment Payments, Defendants shall not bear any further expenses, costs, damages, or fees incurred by Plaintiffs, or by any of his attorneys, agents, or representatives. The agreed provision of the Settlement Consideration under this Agreement shall be in complete satisfaction of any and all claims for such expenses, costs, damages, or fees under state or federal law, which Plaintiffs has or may have against the Defendants in connection with the Litigation. Plaintiffs shall have the sole and absolute discretion to allocate any and all fees and expenses amongst any attorneys, agents, or representatives for Plaintiffs.

(d) Defendants agree that, contemporaneously with the execution of this Settlement Agreement and as a material inducement to Plaintiffs to enter into this Settlement Agreement, they shall execute and deliver to Plaintiffs a Confession of Judgment, in form and substance as contains in Exhibit A hereof, setting forth the total Settlement Consideration amount owed. For avoidance

---

[1] Assuming timely payments, the final payment shall be pro-rated.

of doubt, Defendants hereby irrevocably consent to the entry of such Confession of Judgement and waive any objection, defense, or claim that could have been asserted to contest the validity or enforceability of the Confession of Judgment or the judgment entered thereon. The executed Confession of Judgment as agreed to by the Parties is attached hereto as Exhibit A.

(e) Notwithstanding the foregoing, neither this Settlement Agreement, nor payment of the Settlement Consideration (or any amount thereof), shall constitute a grant of any intellectual property rights in the Artworks (including but not limited to copyright) to Defendants, nor any rights to license or monetize such intellectual property rights, which at all times shall remain with and/or revert to the respective Plaintiffs as artist(s) and creator(s).

2.    Security Interest. In order to secure the prompt performance in full when due of all of Defendants' obligations under the Settlement Agreement (collectively, the "*Obligations*"), the Defendants, to the extent of their interest therein, hereby grants to the Plaintiffs and pledges, mortgages, charges, assigns by way of security and creates a security interest, and right to file, a Lien in and on all of its right, title and interest, in, to and under the following, whether now existing or hereafter acquired or arising and wherever located (the "*Collateral*"):

(a)    The Artworks and any and all accessions, attachments, frames and other additions to, and all proceeds and products of the Artworks including, without limitation, all income, benefits and property receivable, received or distributed which results from any of the Artworks, and insurance distributions of any kind related to the Artworks, including, without limitation, returned premiums, interest, premium and principal payments;

(b)    All negotiable and non-negotiable documents of title covering the Artworks and all accounts, contract rights, chattel paper, instruments, documents, warehouse receipts, general intangibles, each as defined in the Uniform Commercial Code, as enacted in the State of New York (the "*UCC*"), and other obligations of any kind now or hereafter existing, in each case solely arising from or with respect to all or any part of any of the Artworks.

(c)    All cash or non-cash proceeds, product, rents and profits of any of the foregoing, all income, benefits and property received on account of any of the foregoing, all rights under warranties and insurance contracts, letters of credit, guaranties or other supporting obligations covering any of the foregoing, any causes of action (including all tort claims or liquidation claims) relating to any of the foregoing, and all proceeds (including, without limitation, insurance proceeds) from the sale, destruction, loss, or other disposition of any of the foregoing and sums due from a third party which has damaged or destroyed any of the foregoing or from that party's insurer, whether due to judgment, settlement or other process.

(d)    Any outstanding amount of the Settlement Consideration.

3.    Taxability. The Parties do not make and have not made any representations regarding the taxability of the Settlement to Plaintiffs. The Parties understand and expressly agree that any income or other tax, including any interest or penalties (if any) ultimately determined to be payable from the Settlement, as well as any state or federal reporting or payment obligations arising from or attributable to the Settlement (including, but not limited to any applicable reporting obligations), are the sole responsibility of the respective Party.

4.      No Admissions. By entering into this Agreement, neither the Plaintiffs nor Defendants intend to make, nor shall be deemed to have made, any admission of any kind. This Agreement is the product of informed negotiations and compromises of previously stated legal positions. Nothing contained in this Agreement shall be construed as an admission by any Party as to the merit or lack of merit of any particular claim or defense. Any statements made in the course of negotiations have been and shall be without prejudice to the rights of the Parties in any disputes or transactions with any other person or entity not a party to this Agreement.

5.      Release by Plaintiffs. In consideration of the full payment of the Settlement, and other provisions of Section 1, and the mutual avoidance of further costs, inconvenience, and uncertainties relating to this Litigation, Plaintiffs, on behalf of themselves and each of their respective assigns, agents, hereby irrevocably and unconditionally release and discharge Defendants and their past or present predecessors, parents, subsidiaries, affiliates, successors, assigns, officers, directors, shareholders, attorneys, and employees, and any related or affiliated corporations or entities, and any person or entity acting through or in concert with any of the preceding persons or entities (all of the preceding persons and entities, severally and in the aggregate, will be referred to as "*Releasees*") from any and all actions, claims, demands, debts, reckonings, contracts, agreements, covenants, damages, judgments, executions, liabilities, appeals, obligations, attorneys' fees, and causes of action from the beginning of time to the date of this Agreement, known or unknown, asserted or unasserted, arising under the Litigation (except as excluded below) (collectively, the "*Released Claims*").

6.      No Other Pending or Future Claims. Plaintiffs represent and warrant that they do not have any other claims against Defendants against the Releasees related to the Released Claims. Plaintiffs represent that, to the best of their knowledge and understanding, they are not aware of any potential claims, complaints, or charges by anyone on behalf of or related to Plaintiffs against the Releasees other than the claims referenced herein.

7.      Dismissal of Litigation. Upon entry of the Confession of Judgment by the Court, Plaintiffs shall take commercially reasonable steps to administratively discontinue the Litigation without prejudice, provided, however, that such discontinuance shall not impair, limit, or otherwise affect the validity, enforceability, or continuing jurisdiction of the Court with respect to the Confession of Judgment or any efforts to enforce or execute upon it. Upon Defendants' payment in full of the Settlement Consideration, together with any accrued interest, Plaintiffs shall thereafter discontinue the Litigation with prejudice and without costs or fees. For the avoidance of doubt, no discontinuance or dismissal of the Litigation, whether with or without prejudice, shall be deemed to satisfy, release, novate, or extinguish the Confession of Judgment unless and until the Settlement Consideration is paid in full.

8.      Public Filing; Limited Confidentiality. The Parties acknowledge that the Court has directed that, if the Parties seek the Court's retention of jurisdiction to enforce this Agreement, which the Parties do, this Agreement must be submitted to the and made part of the public record. The Parties therefore agree that this Agreement and its terms may be filed on the public docket and, upon filing, will be publicly available.

Notwithstanding the preceding paragraph directly above, the Parties shall keep confidential and not disclose to any third party: (i) any non-public personal identifying information

(including without limitation home addresses, personal telephone numbers, personal email addresses, and tax identification numbers); (ii) any bank account information, wire instructions, payment routing information, or similar financial account details exchanged to implement this Agreement (which shall be exchanged outside this Agreement and shall not be filed publicly); and (iii) the substance of settlement negotiations, draft agreements, and other non-public settlement communications, to the extent protected by New York law.

Nothing in this Section prohibits disclosure: (i) to counsel, insurers, accountants, tax preparers, auditors, and immediate family members who are informed of and agree to maintain confidentiality as set forth in the preceding paragraph directly above; (ii) as required by law, subpoena, or other compulsory process (with reasonable notice where permitted); or (iii) as necessary to enforce, interpret, or implement this Agreement in any court or before any governmental authority.

Any claim for injunctive relief based on a breach of this Section shall be limited to the information identified in the second paragraph of this Section.

9.     Non-Disparagement. Defendants and their representatives shall not make, publish, or communicate any statement (oral, written, electronic, or otherwise) that disparages Plaintiffs or any present or former officer, director, agent, attorney, employee, or representative of Plaintiffs. For purposes of this Section, "disparage" means any statement of fact that is knowingly false or made with reckless disregard for its truth and that would reasonably be expected to harm the reputation of Plaintiffs or their aforementioned representatives. Nothing in this Section prohibits the following: (i) statements based on matters of public record, including pleadings, filings, evidence, judicial proceedings, and this Agreement as filed on the public docket; or (ii) disclosures required by law, subpoena, court order, or other compulsory process. A breach of this Section by Defendants constitutes irreparable harm. Plaintiffs shall be entitled to injunctive relief, in addition to any other remedies available at law or equity

10.     Authority to Settle. The Parties warrant that they have the power, right, and authority to settle and release fully and completely all Released Claims that they are settling and releasing in this Agreement.

11.     Cooperation. The Parties agree to cooperate fully, to execute and deliver any and all supplementary documents, and to take all additional actions, which reasonably may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement without the receipt of further consideration.

12.     Entire Agreement. This Agreement contains the entire agreement and understanding concerning the subject matter contained herein between the Parties, and supersedes and replaces all prior negotiations, proposed settlement agreements, written or oral. Each of the Parties to this Agreement acknowledges that no other party to this Agreement, nor any agent or attorney of any such party, has made any promise, representation, or warranty, express or implied, not contained in this Agreement to induce either Party to execute this Agreement. The Parties further acknowledge that they are not executing this Agreement in reliance on any promise, representation, or warranty not contained in this Agreement. It is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect, except by a writing duly executed by the Parties, their successors or assigns in interest, or their

authorized representatives. This Agreement is a fully integrated contract.

13.     Advice of Counsel. Each Party represents that it has been represented, or has had the opportunity to be represented, by independent legal counsel of its own choice, throughout all of the negotiations that preceded the execution of this Agreement and that it has executed this Agreement with the consent and upon the advice of such counsel, or that it has had the opportunity to seek such consent and advice. Each Party acknowledges that it has read this Agreement and assents to all the terms and conditions contained in this Agreement without any reservations and that it has had, or has had the opportunity to have had, the same explained to it by its own counsel, who have answered any and all questions which have been asked of them, or which could have been asked of them, with regard to the meaning of any of the provisions of this Agreement.

14.     Enforceability. The Parties understand and agree that this Agreement was entered into in the context of settlement discussions and is fully enforceable. The Parties agree not to challenge this Agreement as illegal, invalid, or unenforceable.

15.     Governing Law and Jurisdiction. This Agreement shall be governed by the laws of the State of New York. The Parties consent to exclusive jurisdiction and venue for any claim relating to this Agreement, including any claim for enforcement of this Agreement or any claim arising out of a breach of this Agreement, in the state or federal courts of New York County, New York.

16.     Attorneys' Fees Recoverable in Event of Breach. In the event of any litigation between the Parties arising out of or relating to this Agreement, or the breach hereof, including to enforce the provisions of the Agreement, the prevailing Party shall be entitled to recover from the other Party all of its reasonable costs and expenses incurred in pursuing the litigation, including reasonable attorney's fees and costs.

17.     Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be an original as against any Party who signed it, and all of which shall constitute one and the same document. A facsimile, photostatic, or electronic (e.g., PDF format) copy of the Agreement as executed shall be deemed an original.

18.     Construction. The headings of the sections of this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of this Agreement.

19.     Effective Date. The Parties hereby agree that the "*Effective Date*" of this Agreement is January 14, 2026.

20.     Good Faith, Voluntary Settlement. The Parties agree that the Settlement Consideration and the other terms of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with (or the opportunity for consultation with) experienced legal counsel. The Parties state further that they are fully competent to manage their business affairs, that they have carefully read this Agreement, that they fully understand its final and binding effect, and that they are signing this Agreement knowingly and voluntarily.

21.     Severability. If any provision of this Agreement shall be judicially determined to

be illegal, unenforceable, or otherwise void, the Parties intend that all remaining provisions shall continue to be given full force and effect, unless the provision found to be illegal, unenforceable, or otherwise void is of such material effect that this Agreement cannot be performed in accordance with the intent of the Parties in the absence of such provision.


**[SIGNATURE PAGE ON THE NEXT PAGE]**

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereto have caused this Settlement Agreement to be executed as of the last date set forth below.

**DEFENDANTS**                Date:  February 24, 2026
                                     New York, New York           SO, ORDERED,

By: _Paolo Belfiore_                 By: _Paolo Belfiore_          _Jennifer Rochon_
                                                                  JENNIFER L. ROCHON
Paolo Belfiore on Behalf of                                       United States District Judge
Cadence Comic Art Inc                Paolo Belfiore on Behalf of Self

Title: Owner (Sole Proprietor)

Date: 1/15/2026 | 4:50 PM PST        Date: 1/15/2026 | 4:50 PM PST


**PLAINTIFFS**

By: _____                By: _____

Becky Cloonan                        Paolo Villanelli

Date: 1/16/2026 | 12:53 PM PST       Date: : 1/16/2026 | 1:01 PM PST


By: _____                By: _____

David Marquez                        Leila Leiz

Date: : 1/22/2026 | 12:37 PM PST     Date: 1/19/2026 | 12:46 PM PST


By: _Wesley Craig_                   By: _____

Wesley Craig                         Alessandro Cappuccio

Date: : 1/17/2026 | 4:35 PM PST      Date: 1/16/2026 | 1:34 PM PST

By: _____
Danai Christina Kilaidoni

Date: 1/21/2026 | 9:51 PM PST

By: _____
Elena Casagrande

Date: 1/17/2026 | 12:22 AM PST


By: _____
Valerio Schiti

Date: 1/17/2026 | 12:51 AM PST

By: _____
Mahmud Anjum Asrar

Date: 1/20/2026 | 11:49 PM PST


By: _____
Joelle Jones

Date: : 1/22/2026 | 5:21 PM PST

By: _____
Yildiray Cinar

Date: : 1/21/2026 | 2:32 AM PST


By: _____
Rafael Albuquerque

Date: : 1/16/2026 | 12:38 PM PST

By: _____
Tyler Crook

Date: : 1/17/2026 | 5:44 PM PST


By: _____
Jenny Frison

Date: : 1/24/2026 | 3:41 PM PST

By: _____
Pia Guerra

Date: : 1/24/2026 | 3:45 PM PST


By: _____
Jill Thompson

Date: : 1/22/2026 | 4:37 PM PST